**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

ANTHONY GREEN                          CIVIL ACTION NO. 25-0278

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

CANAL INSURANCE COMPANY,               MAGISTRATE JUDGE HORNSBY
ET AL.

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 30) filed by Defendants Canal Insurance Company ("Canal"), G & S Transport, Inc. ("G & S"), and Sukhjit Singh ("Singh") (collectively, "Defendants"). The Motion is fully briefed. See Record Documents 33 & 34. For the reasons explained below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

This lawsuit arises from a motor vehicle accident that occurred on January 16, 2024, on Interstate 220 in Caddo Parish, Louisiana. See Record Document 33 at 8. On the date of the accident, Singh was operating a 2007 Kenworth tractor-trailer travelling east on I-220. See id. Green was operating a 2012 Nissan Pathfinder ahead of Singh. See id. There was ice present on the roadway and in the area of where the accident occurred. See id.

Green's vehicle encountered an ice patch, which caused him to lose control of the vehicle. See id. at 9. Green's vehicle veered to the left lane and then spun into the right lane. See id. The vehicle came to a stop in the right lane facing oncoming traffic. See id.

Singh testified that he had been traveling behind Green for approximately one to two miles and observed Green intermittently braking and touching the lane markings. See Record Document 33-1 at 8–9. Singh further testified that he was approximately 250 to

300 feet behind Green prior to the spin. See id. at 11. At the time of the incident, Singh was traveling approximately 35 miles per hour and had slowed to between 25 and 30 miles per hour at impact. See Record Documents 30-3 at 3 & 33-1 at 10. Singh testified that he did not aggressively apply his brakes but instead slowed in order to maintain control of his truck. See Record Document 30-3 at 3. The front passenger side of Singh's truck made contact with the front of Green's vehicle. See id.

Corporal Jermaine Kelly investigated the accident. See Record Document 30-5 at 1. He did not attribute the crash to any specific contributing action by either driver. See id. at 7, 12.

## LAW AND ANALYSIS

### I.      Summary of the Arguments

Defendants move for summary judgment arguing that there is no genuine issue of material fact and that Singh was not negligent as a matter of law. See Record Document 30-1 at 9–16. Defendants first contend that Singh is not entitled to a presumption of negligence under Louisiana's rear-end jurisprudence because the front passenger side of Singh's truck struck the front of Green's vehicle after Green had spun 180 degrees into Singh's lane of travel. See id. at 9–10. Defendants further argue that the accident was caused solely by an "Act of God," namely the presence of an unexpected ice patch on the roadway, which they contend was unusual, extraordinary, and not preventable through the exercise of reasonable care. See id. at 10–12.

Alternatively, Defendants argue that even if the accident was not purely an "Act of God," Singh was confronted with a sudden emergency not of his own making when Green spun into his lane facing oncoming traffic, and Singh acted reasonably by slowing his

2

vehicle and attempting to maintain control. See id. at 12–15. Defendants maintain that Green cannot establish breach or causation and that summary judgment is therefore appropriate. See id. at 16.

Green opposes the motion, arguing that genuine issues of material fact preclude summary judgment. See Record Document 33. Green contends that icy roadway conditions were observable and foreseeable and that Singh had been following Green for approximately one to two miles prior to the collision, during which time Singh observed Green intermittently braking and touching lane markings. See id. at 13. Green argues that Singh failed to exercise heightened caution under those conditions and did not maintain a sufficient following distance. See id. at 13–16. Specifically, Green contends that Singh owed a heightened standard of care as a professional truck driver and that the "Act of God" defense is inapplicable. See id. at 12–16.

Green relies on the opinions of trucking safety expert Tom Truss ("Truss") who opines that Singh "failed to provide effective hazard perception procedures" and should have increased his following distance. Record Document 33-3 at 16. Additionally, accident reconstructionist and expert in vehicle collisions Jay Gallagher ("Gallagher") opines that the requisite stopping distance required for Singh's truck to avoid contacting Green's vehicle was between 170 and 218 feet. See Record Document 33-6 at 2. Gallagher further opines that the collision was caused by Singh's failure to apply sufficient braking force rather than an inability to stop due to ice. See id. Green maintains that the reasonableness of Singh's conduct presents factual determinations inappropriate for a decision at the summary judgment stage. See Record Document 33 at 7.

In reply, Defendants argue that Green's experts do not create a genuine issue of material fact because the undisputed evidence establishes that Singh was confronted with a sudden emergency and responded reasonably. See Record Document 34 at 4–7. Defendants contend that Louisiana courts routinely apply the sudden emergency doctrine at the summary judgment stage and that Singh's conduct (slowing, attempting to veer, and maintaining control) was reasonable under the circumstances. See id. Defendants therefore urge the Court to dismiss Green's claims with prejudice. See id. at 8.

## II.    Applicable Standards

A court should grant a motion for summary judgment when the pleadings "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id. If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323). In evaluating motions for summary judgment,

courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ...." Id.

### III.    Analysis

a. Applicable Substantive Law

This Court's jurisdiction is based on diversity of citizenship. Accordingly, the Court applies federal procedural law and Louisiana substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Louisiana negligence law is analyzed under the duty-risk framework:

> The determination of liability in a negligence case usually requires proof of five separate elements: duty, breach of duty, cause-in-fact, scope of liability or scope of protection, and damages. "The first element is usually a judge question, and the other four are usually jury questions unless reasonable minds could not differ."

Griffin v. Kmart Corp., 776 So. 2d 1226, 1231 (La. App. 5th Cir. 2000) (internal citations omitted). The dispute at this stage concerns whether Singh breached a duty owed to Green and whether any such breach caused the collision.

b. Rear-End Presumption

Louisiana law generally presumes negligence when a following motorist rear-ends a preceding vehicle. See Mart v. Hill, 505 So.2d 1120, 1123 (La.1987). However, that presumption applies in traditional rear-end collisions where the following vehicle strikes the rear of a vehicle traveling in the same direction.

Here, the summary judgment evidence establishes that the front passenger side of Singh's truck contacted the front of Green's vehicle after Green had spun 180 degrees and come to rest facing oncoming traffic. See Record Document 30-3 at 3. The Court concludes that this collision does not constitute a traditional rear-end impact within the meaning of Louisiana's rear-end presumption jurisprudence. However, that conclusion does not resolve whether Singh exercised reasonable care under the circumstances. The absence of a presumption simply means Green retains the burden of proving negligence without the benefit of a statutory presumption.

c.  "Act of God"

Defendants argue that the accident was caused solely by an "Act of God," namely an unexpected ice patch on the roadway. See Record Document 30-1 at 10–12. Under Louisiana law, an "Act of God" is an injury due directly and exclusively to natural causes, without human intervention, which could not have been prevented by the exercise of reasonable care and foresight. See Rector v. Hartford Acc. & Indem. Co. of Hartford, Conn., 120 So. 2d 511, 514–16 (La. App. 1st Cir. 1960); see also Duboue v. CBS Outdoor, Inc., 996 So. 2d 561, 563 (La. App. 4th Cir. 2008), writ denied, 998 So. 2d 722 (La. 2009). The party invoking the doctrine bears the burden of proving that the event was an "uncontrollable and unforeseeable … 'Act of God.'" Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co., 803 So. 2d 86, 92 (La. App. 4th Cir. 2001), writ denied, 811 So. 2d 887 (La. 2002).

It is undisputed that ice was present on the roadway and that Green lost control after encountering an ice patch. See Record Document 33 at 9. However, the record also reflects that winter weather conditions were observable and that Singh had been traveling

behind Green for approximately one to two miles prior to the collision. See Record Document 33-1 at 9. During that time, Singh observed Green intermittently braking and touching lane markings. See id. Singh further testified that he maintained a following distance of approximately 250 to 300 feet while traveling approximately 35 miles per hour. See id. at 11.

Louisiana courts have recognized that icy conditions may constitute an "Act of God" in certain circumstances. See Welch v. State, Dept. of Transp. and Dev., 640 So. 2d 596, 600–01 (La. App. 3d Cir. 1994), writ denied, 642 So. 2d 1293 (La. 1994). In the present case, while it is undisputed that ice was present and that Green initially lost control after encountering an ice patch, the summary judgment record does not establish that the collision was caused directly and exclusively by that natural condition. The evidence reflects that winter weather conditions were apparent, that snow and ice were present along the roadway, and that Singh observed Green intermittently braking and touching lane markings for approximately one to two miles prior to the incident. See Record Document 33-1 at 9. Viewing this evidence in the light most favorable to Green, a reasonable juror could conclude that icy conditions were an observable roadway hazard requiring heightened caution, rather than an unforeseeable and uncontrollable natural phenomenon.

Further, an "Act of God" is defined as an injury due directly and exclusively to natural causes, without human intervention. See Rector, 120 So. 2d at 515. Here, while the ice caused Green to lose control of his vehicle, the injury at issue did not occur solely from contact with the ice. The collision occurred when Singh's truck contacted Green's vehicle after it had spun into Singh's lane. See Record Document 30-3 at 3. Thus, the

injury resulted from the impact between the two vehicles, which necessarily involved human operation of motor vehicles, rather than from a natural force acting alone.

Further, the record does not establish that the collision would have occurred absent any human conduct. Whether Singh exercised reasonable care under the circumstances, including his speed, following distance, and braking response, remains disputed. Because the ice did not independently cause the collision and because a reasonable juror could conclude that Singh's conduct contributed to the collision and that the ice on the roads was a foreseeable condition, the Court cannot determine as a matter of law that the accident was caused directly and exclusively by an "Act of God." Accordingly, Defendants are not entitled to summary judgment on that basis.

d. Sudden Emergency Doctrine

Defendants alternatively rely on the sudden emergency doctrine. See Record Document 30-1 at 12–15. Under Louisiana law, if a motorist "has exercised ordinary care as required by law (or the highest degree of care as may be required) and has, nevertheless, inflicted injury on another, the accident is said to be inevitable, for which no liability attaches." Dupree v. Sayes, 974 So. 2d 22, 24 (La. App. 2d Cir. 2007) (citations omitted). The sudden emergency doctrine applies in an inevitable accident. See id. The sudden emergency doctrine states,

> [O]ne who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt in order to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence.

Id. "The doctrine of unavoidable or inevitable accident relieves a person of liability so long as the person invoking the doctrine shows that he was in no way to blame for the happening." Lowe v. Noble, L.L.C., 220 So. 3d 761, 766 (La. App. 1st Cir. 2017)

8

The summary judgment record establishes that Green's vehicle spun 180 degrees into Singh's lane of travel and came to rest facing oncoming traffic. See Record Document 33 at 9. That event unquestionably presented an emergent situation for Singh. The critical issue, however, is whether Singh's conduct prior to and during the emergency was reasonable as a matter of law.

Green has presented evidence that Singh observed Green's driving behavior for approximately one to two miles before the collision and noticed intermittent braking and lane deviation. See Record Document 33-1 at 9. Green further presents Truss's expert opinion that Singh failed to implement effective hazard perception procedures and should have increased his following distance. See Record Document 33-3 at 16. Additionally, Gallagher opined that the required stopping distance to avoid impact ranged between 170 and 218 feet and that the collision resulted from Singh's failure to apply sufficient braking force rather than an inability to stop due to ice. See Record Document 33-6 at 2.

Defendants dispute these conclusions and argue that Singh slowed his vehicle, attempted to maintain control, and acted reasonably under the circumstances. See Record Document 34 at 4–7. They further contend that Louisiana courts routinely apply the sudden emergency doctrine at the summary judgment stage. See id.

While courts have granted summary judgment in appropriate sudden emergency cases, such determinations depend upon the absence of genuine disputes concerning the reasonableness of the defendant's conduct. See Lowe, 220 So. 3d at 765–66. Here, the adequacy of Singh's following distance, the reasonableness of his braking response, and whether heightened caution was required under icy conditions are contested issues supported by competing testimony and expert opinions.

Under Rule 56, this Court may not weigh competing evidence or resolve credibility determinations. Viewing the record as a whole in the light most favorable to Green, a reasonable trier of fact could conclude that Singh's conduct contributed, at least in part, to the collision. Accordingly, Defendants are not entitled to summary judgment on this basis.

## CONCLUSION

Based on the reasons explained above, Defendants' Motion for Summary Judgment (Record Document 30) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of March, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT